Submitted on record and briefs April 1, affirmed October 21, 1987

In the Matter of
Tonya Ann Miglioretto, A Child.

STATE ex rel JUVENILE DEPARTMENT OF
LANE COUNTY et al,
*Respondents,*

*v.*

MIGLIORETTO,
*Appellant.*

(80-233; CA A40297)

744 P2d 298

Robert J. O'Connor, Eugene, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jerome Lidz, Assistant Attorney General, Salem, filed the brief for respondents.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Father appeals from a judgment terminating his parental rights in his daughter Tonya. We affirm.

Father's only argument is that his parental rights cannot be terminated because no evidence was presented that Tonya was sexually abused by him.[1] The state offered as evidence a transcript of an earlier proceeding in which father's parental rights in Tonya's older sister were terminated. At that trial the sister testified to an act of sexual abuse by father, and father's 17-year old stepdaughter testified about his sexual abuse of her from the time she was in grade school until she was placed in foster care when she was 13.

■ ORS 419.523(2) sets out conditions which a court may consider in a termination proceeding:

> "The rights of the parent or parents may be terminated as provided in subsection (1) of this section if the court finds that the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

> "(a)  Emotional illness, mental illness or mental deficiency of the parent of such duration as to render it impossible to care for *the* child for extended periods of time.

> "(b)  Conduct toward *any* child of an abusive, cruel or sexual nature.

> "(c)  Addictive use of intoxicating liquors or controlled substances.

> "(d)  Physical neglect of *the* child.

> "(e)  Lack of effort of the parent to adjust the circumstances of the parent, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected." (Emphasis supplied.)

---

[1] Father also argues that CSD has not offered him services to reintegrate the child into the family. At the time of the first reports of father's abusive nature, CSD offered services to him, which he refused.

Although a parent's emotional or mental incapacity or physical neglect must be directly related to the child before the court, that is not a requirement for termination based on sexual or physical abuse. ORS 419.523(2) does not require that any child remain in an abusive environment until the state can show that abuse of that particular child has occurred. If there is evidence of abuse of *any* child, the statute permits a court to remove a child permanently from a dangerous situation.

■ In *State ex rel Juv. Dept. v. East,* 38 Or App 59, 589 P2d 744, *rev den* 286 Or 1 (1979), the state sought termination of a mother's parental rights. There was evidence that the mother's husband had twice struck the child and had physically abused the child's siblings. We terminated the mother's rights because of her continued association with her abusive husband, noting that it would be folly to place the child in an abusive environment at that time or in the foreseeable future. A somewhat analogous abusive environment exists here. The evidence is overwhelming that father has sexually abused young girls living in his home. He abused his stepdaughter for several years and abused Tonya's older sister. Far from being willing to work to change his behavior, father continues to deny that it ever occurred. Two psychological reports indicate that father has a rigid personalty with little likelihood that he will change whatever behavior patterns he currently has. Tonya's psychologist believes that she suffers from significant emotional neglect and would be at risk if returned to father's home.

On *de novo* review, we agree with the trial judge that father is unfit and we terminate father's parental rights.

Affirmed.