In the Matter of F., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Sandra D. BRAMMER
and Douglas G. Brammer, Jr.,
*Respondents.*

(93-096; CA A80808 (Control))

In the Matter of E., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Sandra D. BRAMMER
and Douglas G. Brammer, Jr.,
*Respondents.*

(93-097; CA A80809)

In the Matter of M., a Child.

STATE ex rel JUVENILE DEPARTMENT
OF LANE COUNTY
and Children's Services Division,
*Appellants,*

*v.*

Sandra D. BRAMMER
and Douglas G. Brammer, Jr.,
*Respondents.*

(93-098; CA A80810)

892 P2d 720

Katherine H. Waldo, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

James Palmer argued the cause and filed the brief for respondent Sandra D. Brammer.

George W. Kelly argued the cause and filed the brief for respondent Douglas G. Brammer, Jr.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

The state appeals from an order of the juvenile court dismissing its petitions to have the three children of mother and father placed within the jurisdiction of the juvenile court. The petitions allege that each child is in need of juvenile court protection, because conditions and circumstances endanger their welfare. *Former* ORS 419.476(1)(c).[1] On *de novo* review, ORS 419A.200(5), we reverse.

Mother provided day-care services in her home for as many as eight children. One of those children, referred to here as T., was the best friend of mother's son, E. Frequently, T. spent the night at mother's and father's home because of his friendship with E. At the hearing, T. testified that on approximately 25 occasions, over a period of 8 months when he was between 8 and 9 years old, mother compelled him to engage in a variety of sexual activities with her while at mother's and father's home. T. testified that each sexual encounter lasted approximately 30 minutes and took place in various locations of the home, and that usually other children, including the children of mother and father, were in the home. Sometimes when T. spent the night with E., he and E. slept in the living room and mother would wake him and take him into E.'s bedroom for sex. Sometimes, when the other children were playing outside, mother would bring T. back inside the house and engage in sexual activities with him.

■ Mother told T. that if he told anyone about their sexual activities she would go to jail. After 8 months of sexual contact with mother, however, T. told his own mother about the abuse. Mother denied T.'s allegations, but was subsequently convicted of sexual abuse and sodomy of T.[2]

---

[1] *Former* ORS 419.476(1) provided, in part:

"The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"* * * * *

"(c) Whose behavior, condition or circumstances are such as to endanger the welfare of the person or the welfare of others[.]"

It was repealed in 1993. Or Laws 1993, ch 546, § 24.

[2] The state submitted a "Memorandum of Additional Authorities" to call our attention to the fact that we had affirmed mother's convictions. *State v. Brammer*, 132 Or App 625, 889 P2d 391 (1995). The fact of mother's conviction and prison sentence is a matter of public record and we take judicial notice of it. OEC 201(b), (f).

The juvenile court found that the state had proved by a preponderance of the evidence that mother had subjected T. to inappropriate sexual contact on a number of occasions. It ruled, however, that the state had failed to prove that conditions and circumstances were such as to endanger the welfare of mother's and father's children, and dismissed the state's petitions.

The state contends that this case is controlled by *State ex rel Juv. Dept. v. Smith*, 316 Or 646, 652, 853 P2d 282 (1993).[3] There, the Supreme Court affirmed the juvenile court's decision to exercise jurisdiction over a 6-year-old boy following a single incident of the father's sexual conduct toward the child's 12-year-old aunt. The court said that there is no specific condition or circumstance that, *per se*, establishes the juvenile court's jurisdiction. Rather, *former* ORS 419.476(1)(c) required the juvenile court to:

> "consider the *totality of the circumstances* presented in the case before it. If, after considering all the facts, the juvenile court finds that there is a *reasonable likelihood of harm to the welfare of the child*, the court may take jurisdiction. In some cases, a single condition or circumstance may suffice to show a reasonable likelihood of harm. A condition or circumstance need not involve the child directly, but may be found harmful *by reason of creating a harmful environment for the child.*" 316 Or at 652-53. (Emphasis supplied.)[4]

Mother and father argue that the juvenile court was in the best position to evaluate the credibility of the witnesses and that we should defer to its decision. Mother further maintains that there was "no proof that she had acted inappropriately with her own children" or that "any other child knew of the alleged acts between her and [T.]" Father contends that *Smith* does not control, because, in that case, the

---

[3] During the hearing, counsel for the state, commenting on *State ex rel Juv. Dept. v. Smith, supra,* opined that

"the Oregon Supreme Court agrees that a potential risk of harmful environment is appropriate for the Court to take juvenile jurisdiction."

The court responded:

"I can't help it if they're wrong. It is not my fault."

[4] Before the Supreme Court's decision in *Smith*, the test we employed was whether it was "more likely than not" that harm would come to a specific child. *See State ex rel Juv. Dept. v. Smith*, 114 Or App 594, 597, 836 P2d 173 (1992); *State ex rel Juv. Dept. v. Rhoades*, 73 Or App 192, 195, 698 P2d 66, *rev den* 299 Or 443 (1985).

court also found evidence of drug use and of verbal or mental abuse, both of which are lacking here.

■   We have held that a child may be removed from an abusive environment if there is evidence of abuse of *any* child. *State ex rel Juv. Dept. v. Miglioretto*, 88 Or App 126, 129, 744 P2d 298 (1987). In this case, it has been proved that mother subjected T. to sexual abuse and sodomy. It goes without saying that mother's sexual abuse of T. created an abusive environment for T. The question is whether that abuse created a harmful environment for her own children, such that the juvenile court should exercise jurisdiction. We find that it did. Mother exploited her role as T.'s care giver for the sake of her own sexual gratification. T. was her son's best friend. The abuse took place in her children's home on a number of occasions over a period of eight months, when her own children and other children were in or around the home. We are unmoved by mother's claim that jurisdiction is not warranted because there is no proof that she acted inappropriately toward her own children. The court is not required to wait until other minors in the home are exploited before intervening to protect them.

We likewise reject father's contention that, because the facts in this case do not precisely match those in *State ex rel Juv. Dept. v. Smith, supra,* jurisdiction is not warranted. Father misreads that decision. The court in *Smith* discouraged the kind of fact matching in which father would have us engage. Furthermore, the *Smith* court approved of jurisdiction following a single instance of sexual conduct toward another child in the home. Here, the abuse was ongoing.

Under the totality of the circumstances, we conclude that mother and father created, or were complicit in maintaining, an environment that was harmful to their children. There is a reasonable likelihood of harm to the welfare of those children and it was error to deny the state's petitions for jurisdiction.[5]

Reversed and remanded with instructions to enter judgment finding that children are within the jurisdiction of juvenile court.

---

[5] Our decision merely places the children under the protection of the juvenile court. Whether or not they remain in the home will be determined in a subsequent proceeding.