Argued and submitted January 22, affirmed August 14, petition for review denied October 17, 2013 (354 Or 386)

In the Matter of E. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. F.,
*Appellant.*

Klamath County Circuit Court
1100621JV2;
Petition Number 1100621M

In the Matter of B. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. F.,
*Appellant.*

Klamath County Circuit Court
1100621JV3;
Petition Number 1100621M;
A152181

308 P3d 344

Christa Obold-Eshleman argued the cause and filed the briefs for appellant.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Duncan, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Father appeals a judgment of the juvenile court taking jurisdiction over his children. He argues that Department of Human Services (DHS) failed to prove that the history of domestic violence between father and mother created a current threat of serious loss or injury to the children. Because we conclude that there is legally sufficient evidence in the record to support the court's judgment taking jurisdiction, we affirm.

The parties have not requested *de novo* review, and we decline to review the record *de novo*. *See* ORS 19.415(3)(b) (providing for discretionary *de novo* review of certain equitable actions); ORAP 5.40(8)(c) (the court will exercise discretion to try the cause anew on the record only in exceptional cases). Accordingly, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

Mother and father began their relationship in 2009. They have two children together, E and B.[1] In December 2011, DHS filed its initial petition. Then, in February 2012, DHS filed an amended petition, followed by a second amended petition in April 2012. In May 2012, DHS filed its final amended petition, asserting that the children were under the jurisdiction of the court because they were residing under threat of harm. All the time, E was two years old and B was one year old. That petition alleged that mother and father had engaged in incidents of domestic violence, some of which occurred in the presence of the children, placing the children under a threat of harm for physical abuse and mental injury, and that mother did not believe that father presents a safety risk to the children and failed to protect them.

The juvenile court held a hearing on May 3, 2012, to determine whether the court had jurisdiction. Mother admitted the allegations; father did not. The court then

---

[1] Mother has another child with a different father.

heard testimony from a number of witnesses concerning past acts of domestic abuse by father. Father did not deny the incidents of domestic violence, but testified that it had been at least a year and a half since the last physical altercation between the parents. Father said that their faith in God and their church, as well as an improvement in finances, had changed their relationship.

On May 9, 2012, the court entered a "Jurisdiction and Disposition Judgment" stating that jurisdiction was established on May 3, 2012. The findings and conclusions in the judgment relate to mother only. The May 9, 2012, judgment states, "This case shall next be reviewed on May 21, 2012 @ 1:30pm for Action Agreement for mother and continued Jurisdictional hearing on [father]." Neither mother nor father appealed the May 9, 2012, judgment.

The hearing to determine jurisdiction as to father reconvened on May 21, 2012. The juvenile court's oral decision as to jurisdiction over father stated:

> "[D]omestic violence is something that can—people can learn to give in to the other party over and over again in order to avoid a confrontation once there's—it's escalated to that point it affects the relationship negatively always in the future until there's been an adjustment so that that person never has to be afraid again. There's always the threat there to control the other person."

On July 11, 2012, the court entered a "Jurisdiction & Disposition Judgment" with regard to father, finding the children within the jurisdiction of the court. Father appeals the July 11, 2012, judgment.

On appeal, father asserts that, because there was no evidence of domestic violence within the 18 months before the hearing, there was no evidence of a current threat of serious loss or injury to the children. Initially, DHS raises a procedural argument. DHS argues that, because father did not appeal from the judgment establishing jurisdiction as to mother but only appealed the judgment establishing jurisdiction as to father, his appeal is not justiciable. DHS also contends that father's claim fails on the merits. We conclude that the appeal is justiciable but fails on the merits.

ORS 419B.100 governs the juvenile court's subject matter jurisdiction in dependency cases. *Dept. of Human Services v. S. P.*, 249 Or App 76, 84, 275 P3d 979 (2012). ORS 419B.100(1)(c) provides that "the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and *** [w]hose condition or circumstances are such as to endanger the welfare of the person or of others[.]" ORS 419B.325(1) provides that, "[a]t the termination of the hearing or hearings in the proceeding, the court shall enter *an appropriate order* directing the disposition to be made of the case." (Emphasis added.) "The statutes contemplate that ORS 419B.100(1)(c) brings *the child* whose condition or circumstances are as described in the statute within the jurisdiction of the court[.]" *S. P.*, 249 Or App at 84 (emphasis in original). The juvenile court's focus at the hearing on jurisdiction is on *the child's* conditions or circumstances at the time of the hearing and whether the totality of those circumstances demonstrates a reasonable likelihood of harm to the welfare of the child. *State ex rel Juv. Dept. v. Vanbuskirk*, 202 Or App 401, 405, 122 P3d 116 (2005).

DHS asserts that father's appeal is not justiciable because, "even if this court were to reverse the July 11, 2012 judgment on appeal, [E] and [B] would still be wards of the court pursuant to the earlier judgment." We disagree that father's appeal is not justiciable. Based on the language in the May 9, 2012, judgment, we conclude that the juvenile court did not intend for that judgment to conclusively resolve all matters concerning jurisdictional allegations as to father. In the May 9, 2012, judgment, the court stated, "This case shall next be reviewed on May 21, 2012 @ 1:30pm for Action Agreement for mother and continued Jurisdictional hearing on [father]." That judgment expressly contemplated a further hearing as to whether father created a threat of injury to the children. If, in the later hearing, the court had decided that father did not present a threat of injury to the children, the juvenile court had the authority to set aside its earlier judgment or enter a judgment so stating. Accordingly, we conclude that the May 9, 2012, judgment did not deprive the juvenile court of authority to later determine jurisdiction as to father.

Thus, we turn to the merits of father's appeal: whether there was legally sufficient evidence in the record to support the court's decision to take jurisdiction because the children were residing under a threat of harm due to incidents of domestic violence that occurred in the presence of the children. "To endanger the child's welfare, the condition or circumstances must create a current 'threat of serious loss or injury to the child' and 'there must be a reasonable likelihood that the threat will be realized.'" *S. P.*, 249 Or App at 84 (quoting *Dept. of Human Services v. A. F.*, 243 Or App 379, 386, 259 P3d 957 (2011)). "A condition or circumstance need not involve the child directly, but may be found harmful by reason of creating a harmful environment for the child." *State ex rel Juv. Dept. v. Smith*, 316 Or 646, 653, 853 P2d 282 (1993). We consider the totality of the circumstances in determining whether there is a reasonable likelihood of harm to the welfare of the child. *State ex rel Juv. Dept. v. T. S.*, 214 Or App 184, 193, 164 P3d 308, *rev den*, 343 Or 363 (2007).

"[W]hen determining whether the court has jurisdiction because of conditions and circumstances, the focus must be on the child's current conditions and circumstances and not on some point in the past." *Dept. of Human Services v. L. G.*, 251 Or App 1, 4, 281 P3d 681, *adh'd to on recons*, 252 Or App 626, 290 P3d 19 (2012). Father contends that, because there was no evidence that domestic abuse had occurred within 18 months of the hearing, the incidents of domestic violence were insufficient to prove that they created a current threat to the children.

Father primarily relies on *State ex rel Dept. of Human Services v. D. T. C.*, 231 Or App 544, 219 P3d 610 (2009). In *D. T. C.*, there was evidence that the father's abuse of alcohol endangered the welfare of his children. We held that, because the evidence at the hearing was that the father had last used alcohol 10 months before the hearing, the state had failed to show a reasonable likelihood of harm to the welfare of the children. *Id.* at 554-55. But *D. T. C.* is distinguishable from this case because, in *D. T. C.*, we applied *de novo* review to determine whether the state had proved the facts supporting jurisdiction by a preponderance of the evidence. *Id.* at 547, 553.

Here, there is evidence in the record that (1) mother expressed fear of father; (2) in December 2011, mother obtained a protective order against father based on the allegations of domestic violence and sought help from the Women's Crisis Center; (3) mother told a DHS investigator that she was not able to leave the house on a frequent basis, and was not able to go to the library, her parenting classes, or WIC appointments; and (4) mother's behavior demonstrated a pattern that is common in domestic violence, which presents a risk to the children. We conclude that the record was legally sufficient to permit the court's ruling that there was a current threat of serious injury to the children. Accordingly, the court did not err in taking jurisdiction.

Affirmed.