In the Matter of C. A. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. P. R.,
*Appellant.*

Jackson County Circuit Court
16JU01473; A162651

388 P3d 1246

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Amelia Andersen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

In this juvenile dependency appeal, mother challenges a June 2016 jurisdictional judgment in which the juvenile court asserted jurisdiction over her son, C.[1] In its amended petition, the Department of Human Services alleged facts relating to both mother and father that endangered C's welfare. With respect to mother, the petition alleged the following: (1) "[M]other['s] *** mental health problems interfere with her ability to safely parent the child" (allegation A); (2) "mother is refusing to cooperate with a Child Protective Services assessment" (allegation B); and (3) "[d]omestic violence in the mother's home creates a harmful environment for the child" (allegation E). Mother contested those allegations and, after a hearing, the juvenile court asserted jurisdiction based on, among other things, all three allegations relating to mother. Mother seeks reversal of the jurisdictional judgment, asserting that the evidence is legally insufficient to support any of those asserted bases for jurisdiction.

A detailed discussion of the circumstances of this case would not benefit the bench, bar, or the public. Suffice it to say that, having reviewed the record, we conclude that the juvenile court properly asserted jurisdiction based on allegations A and B. However, we agree with mother as to allegation E.

"To endanger the child's welfare, the condition or circumstances must create a current threat of serious loss or injury to the child and there must be a reasonable likelihood that the threat will be realized." *Dept. of Human Services v. C. F.*, 258 Or App 50, 55, 308 P3d 344, *rev den*, 354 Or 386 (2013) (internal quotation marks omitted). When determining whether the court has jurisdiction on the basis of the child's condition and circumstances, "the focus must be on the child's *current* conditions and circumstances and not on some point in the past." *Id.* (emphasis added; internal quotation marks omitted).

There was evidence in this case that mother and father's relationship had involved domestic violence. However,

---

[1] The judgment also related to father, who had admitted to jurisdiction. Father does not appeal.

the evidence was that that relationship ended in August 2015, long before the hearing in this case. Furthermore, there was no evidence that mother had continued to engage in domestically violent relationships or engaged in other "pattern[s] * * * common in domestic violence situations." *Id.* at 56 (discussing evidence sufficient to permit jurisdiction based on evidence of past domestic violence). Under the circumstances of this case, the juvenile court erred in taking jurisdiction based on allegation ·E. Accordingly, we reverse and remand the jurisdictional judgment for the juvenile court to enter a judgment establishing jurisdiction based on allegations A and B, but omitting allegation E as a ground for jurisdiction.

Jurisdictional judgment reversed and remanded for entry of a judgment establishing dependency jurisdiction based on allegations other than E; otherwise affirmed.