***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 10, on appellant father's motion to strike filed February 4; motion to strike denied, affirmed August 31; petition for review allowed November 3, 2022 (370 Or 455)
See later issue Oregon Reports

In the Matter of L. R. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. L.-R.,
aka S. A.,
and M. J. R., Sr.,
*Appellants.*

Washington County Circuit Court
21JU01877; A176877

Brandon M. Thompson, Judge.

Joel C. Duran, Deputy Public Defender, argued the cause for appellant M. J. R., Sr. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Kenneth A. Kreuscher argued the cause and filed the brief for appellant S. L.-R.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

ORTEGA, P. J.

Motion to strike denied; affirmed.

**ORTEGA, P. J.**

Mother and father challenge the juvenile court's assertion of jurisdiction over their infant daughter, along with its denial of their motions to dismiss. Father additionally has moved to strike portions of the brief filed by the Department of Human Services (DHS), maintaining that it mischaracterizes the record and also that it cites to evidence that he successfully challenged as hearsay. We affirm the judgment without considering the evidence to which father has objected, and therefore treat father's motion to strike as moot and deny it.

The juvenile court may exercise jurisdiction over a child when, under the totality of the circumstances, there is "reasonable likelihood of harm to the welfare of the child." *State ex rel Juv. Dept. v. Smith*, 316 Or 646, 653, 853 P2d 282 (1993); *Dept. of Human Services v. C. Z.*, 236 Or App 436, 440, 236 P3d 791 (2010); ORS 419B.100(1)(c) (providing for juvenile court jurisdiction for a child "[w]hose condition or circumstances are such as to endanger the welfare" of the child). "DHS bears the burden of showing that a nexus exists between the parent's conduct or condition and a threat of harm to the child that exists at the time of the jurisdictional trial." *Dept. of Human Services v. C. A. M.*, 294 Or App 605, 615, 432 P3d 1175 (2018); *see also Dept. of Human Services v. W. A. C.*, 263 Or App 382, 403, 328 P3d 769 (2014) (citing *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 62, 308 P3d 307 (2013) ("DHS has the burden to prove that there is 'a nexus between the allegedly risk-causing conduct and the harm to the child,' and that the risk of harm is nonspeculative and present 'at the time of the hearing.'")). We view "the evidence[ ] as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). This standard includes deference to the trial court's credibility findings. *Dept. of Human Services v. A. J. G.*, 304 Or App 221, 230, 465 P3d 293 (2020) ("Because there is evidence in the record to support the court's finding that child observed domestic violence, we will not, under our

standard of review, disturb the juvenile court's credibility determination.").

The allegations as to mother state several bases for concern related to her ability to safely parent her daughter and are amply supported by the record. The allegations as to father, relating to domestic violence against mother, are a closer call. Though a lengthy discussion will not benefit the bench or bar, we write to address briefly the narrow basis on which we conclude that the record is legally sufficient to support the exercise of jurisdiction as to father.

A year before child's birth, mother and father were involved in an incident of domestic violence in which, among other things, father choked mother. Father was charged with strangulation, menacing, and fourth-degree assault, and ultimately pled guilty to the assault charge. He was sentenced to probation, the terms of which required him to participate in a domestic violence intervention program and also to have no contact with mother, who has a significant history of relationships involving domestic violence. The parties dispute whether the record establishes that this single incident of domestic violence was part of a pattern between mother and father; father seeks to strike the evidence which the state invokes in support of its arguments in that regard.

Without resolving that dispute regarding evidence to support a pattern of abuse, we conclude that the single incident and its aftermath under the specific circumstances of this case are legally sufficient to support the exercise of jurisdiction over child. That is true because, even based only on the evidence the admissibility of which father does not dispute, both parents minimized the significance of the incident and made no effort to comply with the terms of father's probation requiring him to have no contact with mother, and father made only minimal efforts to comply with the domestic violence intervention program and participated in only six out of 36 sessions required. Parents persisted in that course of conduct even while father's violations of his probation terms resulted in the imposition of several months of jail time, after which he continued to minimize the significance of the incident. The juvenile court viewed that minimization by both parents as concerning, and we

conclude that the court made permissible inferences from the evidence of parents' inaction and minimization following an incident of that seriousness, particularly given the pattern of domestic violence in mother's other relationships, that father's conduct presented a reasonable likelihood of current, nonspeculative harm to child. Thus, the court did not err in taking jurisdiction over child.

Accordingly, we affirm the juvenile court's judgment of jurisdiction and its denial of parents' motions to dismiss.

Motion to strike denied; affirmed.