***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 12, affirmed July 26, 2023

In the Matter of G. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. B.,
*Appellant.*

Douglas County Circuit Court
22JU03745; A179958

Ann Marie Simmons, Judge.

Kyle Sessions, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

The juvenile court asserted dependency jurisdiction over mother's two-year-old child, G, based on mother's substance abuse interfering with her ability to safely parent G. On appeal of the jurisdictional judgment, mother raises two assignments of error, challenging the jurisdictional basis and, ultimately, the court's assertion of dependency jurisdiction over G. The Department of Human Services (DHS) maintains that the court did not commit any reversible error. We affirm.

ORS 419B.100(1)(c) allows a juvenile court to assert dependency jurisdiction over a child and make the child a ward of the court when it finds that the child's conditions or circumstances endanger the child's welfare, considering the totality of the circumstances. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013). To establish jurisdiction, DHS must prove that the child's conditions or circumstances "present a current threat of serious loss or injury" that is nonspeculative and reasonably likely to be realized. *Id.* at 61-62. When a parent's conduct is at issue, DHS must prove a causal connection between that conduct and the threatened harm to the child. *Dept. of Human Services v. L. E. F.*, 307 Or App 254, 258, 476 P3d 119 (2020), *rev den*, 367 Or 559 (2021).

Our task on appeal is to "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome."[1] *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Here, the question is whether the facts explicitly and implicitly found by the juvenile court, along with reasonable inferences, were legally sufficient to support the assertion of jurisdiction over G based on mother's substance abuse. *See id.* at 639-40.

The facts are known to the parties. In short, mother started using methamphetamine in 2019. She stopped using

---

[1] Mother has not requested *de novo* review, which we have "sole discretion" whether to provide, ORS 19.415(3)(b), and will provide only in "exceptional cases," ORAP 5.40(8)(c). We therefore apply the regular standard of review.

while pregnant with G. G was born in late November 2020, and mother soon started using again. Mother used methamphetamine daily for approximately the next year and one-half.[2] For a significant portion of that time, G's maternal grandmother took care of G, while mother left for days at a time to use methamphetamine. Mother and grandmother's relationship was fraught as a result of mother's drug use. On two occasions, mother took G from grandmother's house, told grandmother that she would never see mother or G again, and drove in an unsafe manner with G in the car. During the first incident, mother threatened to kill grandmother and herself if grandmother reported her, and, during the second incident, mother locked herself and G in a bathroom while a DHS caseworker was present and, after the caseworker left, threatened to burn down grandmother's house.

DHS filed a dependency petition in August 2022. In September 2022, with DHS's assistance, mother and G moved into a sober living home. At the time of the jurisdictional trial in October 2022, mother had been sober for three to four weeks. Mother perceives that she does not need substance-abuse treatment because she uses methamphetamine for purely social reasons and can quit any time. Mother also perceives that her methamphetamine use does not affect her parenting of G, except insofar as it has caused her at times to be absent (and thus not parenting).

The bare fact of a parent's substance use is not enough to establish dependency jurisdiction. *See State ex rel Juv. Dept. v. Smith*, 316 Or 646, 652, 853 P2d 282 (1993) (rejecting "the proposition that any specific condition or circumstance *per se* does, or does not, establish the juvenile court's jurisdiction"). Rather, DHS must prove that a parent uses intoxicating substances "in a way that puts the child at risk of serious harm." *Dept. of Human Services v. J. J. B.*, 291 Or App 226, 236, 418 P3d 56 (2018) (internal quotation marks omitted).

Here, having reviewed the record, we conclude that the evidence supports the juvenile court's findings and its

---

[2] Several witnesses, including mother, referred to the length of time as approximately two years. However, it appears to be undisputed that mother did not starting using again until after G was born, so, based on the record as a whole, the length of time was somewhere between 16 months and 21 months.

disposition. We disagree with mother that the court could not find a "current" threat on this record. Three to four weeks of sobriety is a good start, but it does not defeat a finding of a "current" threat on this record. We also disagree with mother that DHS failed to establish a nexus between mother's methamphetamine use and a risk of harm to G, particularly because mother's arguments downplay the extreme degree of her methamphetamine use. There is evidence that mother was under the influence of methamphetamine every day for most of G's life; that she could feel effects for up to 24 hours when she used; and that she only recently stopped using about a week before she entered a sober living home with DHS's assistance. There is also evidence that mother lacks insight into her substance abuse in a way that heightens the risk to G.

We affirm the juvenile court's assertion of dependency jurisdiction over G based on mother's substance abuse interfering with her ability to safely parent G.

Affirmed.