566

On respondent's petition for reconsideration filed April 10, reconsideration allowed; former opinion (248 Or App 715, 274 P3d 242) adhered to June 20, 2012

In the Matter of K. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. B.
and K. M. N.,
*Appellants.*

Marion County Circuit Court
J100512;
Petition Number 073010BRE3;
A147227 (Control)

In the Matter of E. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. B.
and K. M. N.,
*Appellants.*

Marion County Circuit Court
J100513;
Petition Number 073010BRE1;
A147228

In the Matter of S. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. B.
and K. M. N.,
*Appellants.*

Marion County Circuit Court
J100514;
Petition Number 073010BRE2;
A147229

281 P3d 653

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Inge D. Wells, Senior Assistant Attorney General, for petition.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Respondent Department of Human Services (DHS) petitions for reconsideration of our opinion in *Dept. of Human Services v. B. B.*, 248 Or App 715, 274 P3d 242 (2012). DHS contends that we misconstrued ORAP 5.40(8) when we exercised our discretion to review the facts *de novo* despite the fact that the parties did not request that we do so. DHS requests that we instead issue a decision that applies an "any evidence" standard of review to the juvenile court's findings of historical fact. We allow the petition for reconsideration but adhere to our decision that, pursuant to ORS 19.415(3)(b), we, acting in our sole discretion, may try the case anew upon the record in an equitable action or proceeding, regardless of the parties' positions on the standard of review. *See B. B.*, 248 Or App at 718 n 1. We write only to address what should be included in a petition for reconsideration in a case like this one, where this court has exercised its discretion to review the facts *de novo* although no party has requested such review.

In its petition for reconsideration, DHS contends, in part, that, as a general matter, how it prepares its response brief depends on whether a parent who appeals a juvenile court's jurisdictional decision seeks *de novo* review and thereby puts DHS on notice that *de novo* review may occur. DHS states that, because it is now on notice that the court could undertake *de novo* review without a request by a party, then it must necessarily file a longer brief in every case. DHS, however, does not explain (1) why our decision to review the facts *de novo* without a request from the parents who appealed was detrimental to DHS's ability to adequately brief its position in this case, (2) how its brief in this case would have been different, and (3) how the facts on reconsideration under the *de novo* standard of review should differ from those found in this case. The petition for reconsideration could have and should have offered such an argument if DHS was indeed hampered in its ability to present its position and explained how DHS should have prevailed under a *de novo* review of the record. Instead, DHS argues that we cannot exercise our "sole discretion" to undertake *de novo* review, ORS 19.415(3)(b), a purely legal argument. We do not discern

that DHS was hampered in its ability to brief its position. To the contrary, DHS fully briefed the facts adverse to father and mother and contended that those facts supported jurisdiction. Further, DHS makes no argument that the facts as we found them on *de novo* review are unsupported by the record. *See* ORAP 6.25(1)(a) (factual error is a basis for reconsideration).

Reconsideration allowed; former opinion adhered to.