Argued and submitted September 6, 2012, reversed January 9, 2013

In the Matter of Z. M. R.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. J. R.,
*Appellant.*
Washington County Circuit Court
J110073;
Petition Number 01J110073;
A151035 (Control), A151677

295 P3d 672

Shannon Storey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Father appeals from, and seeks reversal of, a judgment in which the juvenile court concluded that the Department of Human Services (DHS) proved an allegation in an amended dependency petition that father's prior convictions for public indecency and his failure to complete court-ordered sex offender treatment created a risk of harm to his daughter, Z. The court had already taken jurisdiction over Z as to father when he defaulted on an earlier petition alleging that his substance abuse and residential instability endangered Z's welfare. On appeal, father contends that the additional allegation in the amended petition is legally insufficient because of its failure to address any harm to Z; alternatively, he argues that DHS failed to prove that father's prior convictions for public indecency, his status as a sex offender, and his failure to complete court-ordered treatment exposed Z to a current risk of harm. Without deciding whether the amended allegation is legally insufficient, we conclude that the record contains insufficient evidence from which a reasonable factfinder could conclude, by a preponderance of the evidence, that father's prior convictions and failure to complete sex offender treatment posed a current risk of harm to Z. Moreover, the record includes no evidence that father's prior convictions and failure to complete treatment combines with the already established bases for jurisdiction to "synergistically create[ ] a whole that is more dangerous than the sum of its parts." *State ex rel Juv. Dept. v. N. W.*, 232 Or App 101, 111, 221 P3d 174 (2009), *rev den*, 348 Or 291 (2010). That is, the record does not support a determination that the sex offender allegations contribute to or enhance the risk of harm already created by father's substance abuse and residential instability. Accordingly, we reverse.

Although we have discretion to review this type of case *de novo*, ORS 19.415(3)(b), neither party requests *de novo* review, and we decline to conduct such a review. *See* ORAP 5.40(8)(c) (stating that we exercise *de novo* review "only in exceptional cases"). Accordingly, we "review the facts found by the juvenile court to determine whether they are supported by any evidence, and then to determine whether, as a matter of law, those facts together with facts

implicitly found by the juvenile court, provide a basis for juvenile court jurisdiction under ORS 419B.100(1)(c)." *Dept. of Human Services v. C. Z.*, 236 Or App 436, 442, 236 P3d 791 (2010).

We state the facts consistently with the juvenile court's express and implied factual findings and as supplemented by uncontroverted information in the record. In February 2011, DHS petitioned the juvenile court to take jurisdiction over Z as to mother because of her mental health problems, substance abuse, and residential instability, and as to father because of his substance abuse and residential instability. At a hearing in March 2011, mother admitted to the allegations against her, and father defaulted when he failed to appear.[1] In April 2011, the court entered a judgment of jurisdiction based on those allegations and placed Z in the legal custody of DHS. Z was placed in relative foster care with her paternal grandmother.

In February 2012, DHS filed an amended dependency petition in which it asserted the following additional basis for jurisdiction against father:

"I. The father has three (3) prior convictions of public indecency and was court ordered to engage in sex offender treatment and has not completed said sex offender treatment."[2]

At a hearing limited to addressing the additional allegation, the parties stipulated to the following facts:

"-[Father] has been convicted of public indecency in 1990, 2000, and 2002.

"-These offenses involved masturbating in a public place or in view of the public.

"-The sentencing court in 2002 recommended as part of post-prison supervision that father not have contact

[1] Mother died in early 2012.

[2] DHS filed an amended petition in September 2011 that contained the same allegations except that it asserted that father had two prior convictions for public indecency. Later that same month, DHS again filed an amended petition, this time claiming that father had five prior public indecency convictions. Regardless, the February 2012 amended petition asserting three prior convictions is the operative pleading on appeal.

with minors without the prior written permission of his supervising officer.

"-As part of his 2000 conviction, the sentencing court ordered father to complete a psychosexual evaluation. DHS has recently asked him as part of this case to voluntarily complete a psychosexual evaluation. Father has not completed a psychosexual evaluation since his last one in 1996.

"-As part of this case, father defaulted in March 2011 as to what are now allegations F, G, and H of Amended Petition II. The court therefore took jurisdiction as to dad on these allegations. Allegation 'G' reads, 'The Father's substance abuse, primarily heroin, impairs his ability to provide minimally adequate care for said child.' Allegation 'H' reads, 'The father has residential instability which impairs [his] ability to provide for said child.'

"-[Father] wishes to have his child, [Z], returned to his care.

"-[Z] * * * is seven years old at the time of the hearing on this allegation."

DHS also introduced as evidence father's 2000 and 2002 judgments of conviction for public indecency.

At the beginning of the hearing, father moved to dismiss the additional allegation as facially invalid, contending that DHS alleged no threat of current harm to Z, which is required for jurisdiction. *See State ex rel Juv. Dept. v. S. A.*, 230 Or App 346, 347, 214 P3d 851 (2009) (accepting the state's concession that an allegation that failed to address current danger to the child was facially invalid). The trial court denied father's motion and proceeded with the hearing, which consisted of legal argument and testimony by father and his post-prison supervising officer.

The officer testified that he began supervising father in September 2009, after father's conviction for heroin possession. He noted that his records did not demonstrate that father had completed sex offender treatment. Further, the officer explained that, in father's 2002 judgment of conviction, the sentencing court recommended that, as a condition of father's post-prison supervision (PPS), he should be prohibited from contact with minors without written permission from the supervising officer. The officer opined

that "[u]sually there has to be [an] incident involv[ing] a minor" for a court to place a "no contact with minors" condition on PPS.

Father mainly testified about the circumstances underlying his 2002 conviction for public indecency and his participation in sex offender treatment following each of his convictions. First, he acknowledged that his conduct in 2002 occurred in the late afternoon under the bleachers at Hare Field, a school-owned athletic field in Hillsboro. He recalled that, when he "left the area, there was a lady who followed me with a cell phone [and that was] how the report * * * was made." He explained that he had participated in five years of sex offender treatment since his original conviction in 1990, consisting of one year of weekly treatments after the 1990 conviction, two years of treatment after his 2000 conviction, and two years of weekly treatment after his 2002 conviction. Father asserted that the treatment was a condition of his PPS and that he stopped treatment when his PPS ended. Father also acknowledged a 2009 conviction for possession of heroin, but claimed that he had completed a substance abuse treatment program, had been clean and sober for the 10 months preceding the hearing, and, at the time of the hearing, was following his after-care plan. Finally, he testified that his supervising officer had given him permission to have contact with Z.

At the conclusion of the hearing, father renewed his motion to dismiss the additional allegation, arguing that the allegation on its face failed to allege harm to Z, and that regardless, DHS failed to prove that his prior convictions and failure to complete sex offender treatment posed a current risk of harm to Z, even in light of the bases for jurisdiction to which he defaulted.[3] The juvenile court announced that

[3] Although the basis for father's motion was not explicit at the hearing, it appears he was relying on ORS 419B.890(1), which provides:

"After the proponent of the petition has completed the presentation of evidence, any other party, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal of any or all of the allegations of the petition on the ground that upon the facts and the law the proponent * * * has failed to prove the allegations or, if proven, the allegations do not constitute a legal basis for the relief sought by the petition. The court may order dismissal of the petition or one or more of the allegations of the petition, or the court may decline to render any order until the close of all the evidence."

DHS had "proved its case on [the additional] allegation" and entered a judgment on February 21, 2012, so concluding. The court also ordered father to undergo a psychosexual evaluation. The court did not announce any findings of fact, and the judgment likewise included no explicit findings of fact.

Father appeals, first assigning error to the juvenile court's denial of his motion to dismiss the additional allegation as facially invalid. In his second assignment of error, father alternatively claims that the court erred by asserting jurisdiction on the basis of the additional allegation because DHS failed to prove that father's historical conduct or status as a sex offender exposed Z to a current risk of harm. Father does not dispute that the court has jurisdiction over Z as to him because of the April 2011 judgment entered after father defaulted on the original dependency petition.

DHS counters father's first assignment of error by asserting that father's argument is based on the incorrect assumption "that each allegation in a petition must provide an independent basis for jurisdiction." DHS contends, relying on *State v. R. H.*, 237 Or App 245, 251, 239 P3d 505, *rev den*, 349 Or 480 (2010), that the court must look at "whether the allegations in the petition are *collectively* sufficient, if proven, to establish jurisdiction." (Emphasis in original.) In DHS's view, the petition, as a whole, alleges that Z's welfare is endangered, and, thus, the additional allegation challenged by father is not legally insufficient. As to father's second assignment of error, DHS maintains that the evidence produced at the hearing was sufficient to prove that father's sex offense and failure to complete sex offender treatment creates a risk of harm to Z, particularly when considered in context with the allegations from the original petition that are not challenged by father.

We need not decide whether the additional allegation is legally insufficient because we conclude that, as to that allegation, there is insufficient evidence from which a reasonable factfinder could conclude by a preponderance of the evidence either (1) that the conduct underlying father's prior convictions and his failure to complete sex offender treatment posed a current risk of harm to Z, considered in

isolation or (2) that father's prior convictions and failure to complete treatment contribute to or enhance the risk of harm to Z that already is created by father's substance abuse and residential instability.

ORS 419B.100(1)(c) grants the juvenile court "exclusive original jurisdiction in any case involving a person who is under 18 years of age and * * * [w]hose condition or circumstances are such as to endanger the welfare of the person or of others[.]" The child's condition or circumstances must give rise to a current threat of serious loss or injury to the child. *Dept. of Human Services v. A. F.*, 243 Or App 379, 386, 259 P3d 957 (2011). A preponderance of the evidence must support the conclusion that there is a reasonable likelihood that the threat will be realized. *State ex rel Juv. Dept. v. T. S.*, 214 Or App 184, 192, 164 P3d 308, *rev den*, 343 Or 363 (2007). The key inquiry is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child. *Id.* at 191. As noted, generally we determine if jurisdiction is proper by "review[ing] the facts found by the juvenile court to determine whether they are supported by any evidence, and then to determine whether, as a matter of law, those facts together with facts implicitly found by the juvenile court, provide a basis for juvenile court jurisdiction under ORS 419B.100(1)(c)." *C. Z.*, 236 Or App at 442.

This case, however, presents in a different procedural posture than a general appeal from a judgment of jurisdiction. The juvenile court already has asserted jurisdiction based on the allegations father defaulted to in April 2011, and father is only challenging the additional allegation that was asserted in DHS's amended petition. DHS is correct that we do not view each allegation in a dependency petition in isolation, but must consider each allegation in connection with any other allegations because sometimes "two allegations together present a more compelling case than either one alone." *N. W.*, 232 Or App at 109. In general, we review a juvenile court's assertion of jurisdiction for whether the state presented sufficient evidence that the factual allegations pose a current risk of harm to the child. *A. F.*, 243 Or App at 388. As a result, the

juvenile court has jurisdiction in this case on the additional allegation if there is sufficient evidence, from which a reasonable factfinder could conclude by a preponderance of the evidence, either that a current risk of harm to Z exists from the additional allegation standing alone, or that the additional allegation contributes to or enhances the risk associated with the already established bases of jurisdiction.

We begin with the evidence at the hearing related to a risk of current harm to Z from father's prior convictions and his failure to complete sex offender treatment. The stipulated facts and the testimony at the hearing established that father had convictions in 1990, 2000, and 2002 for conduct that involved masturbating in public. His 2002 criminal conduct, as noted above, occurred at a school-owned athletic field and was reported by an adult woman. Father participated in a total of five years of sex offender treatment but there is no record that he completed treatment, and he has not undergone a psychosexual evaluation since 1996. As part of father's PPS, he was prohibited from having contact with minors without prior permission and was ordered to undergo a psychosexual evaluation, which he did not complete. Father's supervising officer granted father permission to have contact with Z.

DHS argues that, when considered together, the evidence that father has a criminal history of public indecency, with at least one of the offenses occurring "on the grounds of a school, where children might have been present," and the "no contact with minors" provision in his PPS "raise concern about father's safety around children and provide a sufficient basis for the court to maintain jurisdiction over [Z]."

Even assuming that the juvenile court made an implicit finding that father's 2002 conviction involved a minor—based on the supervising officer's testimony that "no contact with minors" PPS conditions usually are not included unless the crime involved a minor—the evidence is legally insufficient to provide a basis for jurisdiction on the additional allegation under ORS 419B.100(1)(c), because a reasonable factfinder could not conclude by a preponderance

of the evidence, that there is sufficient evidence to show a current risk of harm to Z.

As a general matter, a person's status as a sex offender does not *per se* create a risk of harm to a child. *State ex rel Dept. of Human Services v. N. S.*, 229 Or App 151, 157-58, 211 P3d 293 (2009); *see also Dept. of Human Services v. B. B.*, 248 Or App 715, 722-23, 274 P3d 242, *adh'd to on recons*, 250 Or App 566, 281 P3d 653 (2012) (evidence that the father engaged in inappropriate sexual conduct with minors 16 years before the dependency petition at issue did not, by itself, justify jurisdiction). Generally there must be some nexus between the nature of the prior offense and a current risk to the child at issue. *N. S.*, 229 Or App at 158. Similarly, there is no presumption that a party's status as an "untreated" sex offender presents a safety risk to a child. *B. B.*, 248 Or App at 727. Rather, there must be evidence that the party's failure to engage in treatment endangered the child's welfare at the time of the jurisdictional hearing. *Id.*

In this case, we are left with only that presumption and without a sufficient nexus to a risk of harm to Z. There is no evidence that father has reoffended in the 10 years since his last conviction and no evidence from which a reasonable factfinder could find that Z fits within the class of father's victims. The record also lacks evidence that father's failure to complete sex offender treatment presents a current risk that he will offend. Given the record, a reasonable factfinder could not conclude, by a preponderance of the evidence, that the additional allegation of father's sex offense and failure to complete treatment presented a current risk of harm to Z.

Nevertheless, because we must look at the totality of the circumstances and each factual allegation of jurisdiction is not viewed in isolation, we must examine whether the additional allegations act "synergistically" with the allegations left unchallenged by father, *i.e.*, substance abuse and residential instability, contributing to or enhancing the risk created by those defaulted allegations. *N. W.*, 232 Or App at 111. The record includes no evidence that would support a determination that father's prior convictions and his failure to complete sex offender treatment contributed

to the current risk of harm to Z in that way. *Cf. N. W.*, 232 Or at 111 (jurisdiction was proper where allegations regarding a mother's substance abuse were complemented by the allegations that she allowed untreated sex offenders contact with the child because there was evidence that mother's substance abuse contributed to her inability or unwillingness to protect her child from dangerous situations, including contact with untreated sex offenders). Given that there was no evidence that father's prior conviction and failure to complete sex offender treatment, even when considered in light of the established allegations, contributed to or enhanced a current risk of harm to Z, the trial court erred by asserting jurisdiction on the basis of the additional allegation.

Reversed.