In the Matter of H. V.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. R. C.,
*Appellant.*

Washington County Circuit Court
J120069;
Petition Number 01J120069M;
A154634

328 P3d 814

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Michael R. Salvas, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

In this juvenile dependency case, mother appeals a judgment in which the juvenile court found additional bases of jurisdiction over her daughter, H. The juvenile court had initially asserted jurisdiction over H based on mother's drug use, H's exposure to dangerous living conditions, and mother's rejection of assistance from the Department of Human Services (DHS). Mother does not challenge those bases for jurisdiction, but instead asserts that the juvenile court erred in asserting jurisdiction over H based on additional allegations in an amended petition. Those allegations generally concerned the level of care that mother had provided to H and her younger children, physical and verbal abuse, H's exposure to domestic violence, and the sexual abuse of H by her stepfather. For the reasons that follow, we reverse with respect to one of those additional allegations and otherwise affirm.

Mother does not request that we exercise our discretion to engage in *de novo* review, and we decline to do so. ORS 19.415(3)(b); ORAP 5.40(8)(c) (we conduct *de novo* review only in "exceptional" cases). Therefore, in determining whether juvenile court jurisdiction over H was warranted based on the allegations in the amended petition, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's ruling and then assess whether the record was legally sufficient to permit the outcome that was reached. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

At the time of the jurisdictional hearings on the amended petition, mother had six children: H, age 14; J, age 12; M, age 7; O, age 3; S, age 15 months; and D, age 3 months.[1] Beginning when H was approximately 12 years old, mother and the children lived with stepfather for approximately 18 months. In April 2012, DHS removed H and the other children from mother and stepfather's care. Shortly

---

[1] H turned 15 before entry of the judgment at issue.

thereafter, DHS filed a petition for juvenile court jurisdiction that alleged:

"A.  The mother's use of Methamphetamine impairs her ability to provide minimally adequate care for [H] and [H]'s siblings.

"B.  The mother has exposed [H] and [H]'s siblings to dangerous living conditions in which drug paraphernalia is present and accessible. The police found illegal substances and drug paraphernalia in the home and within reach of [H] and [H]'s siblings, which presents a threat of harm to [H] and [H]'s siblings.

"C.  The mother's attitude and behavior result in overtly rejecting [Child Protective Services] intervention, refusing access to [H] and [H]'s siblings.

"D.  The mother disclosed to police that she had used Methamphetamine as recently as April 12th, 2012; one night before police executed a search warrant on the home. The mother's use of Methamphetamine presents a threat to [H] and [H]'s siblings' safety.

"E.  There is no legal father."

The juvenile court asserted jurisdiction on grounds A, B, C, and D.[2] Mother does not challenge those jurisdictional bases in this appeal.

DHS filed the amended petition at issue here approximately one year after it filed the original petition. In addition to the previously established bases for jurisdiction, the amended petition contained the following allegations:

"E.  The mother has failed to provide adequate care and supervision for [H] and [H]'s siblings. The mother often expects [H] to provide care for her siblings. These circumstances present a threat to [H]'s safety.

"F.  The mother has engaged in a pattern of discipline, physical aggression and verbal abuse, which has resulted in [H]'s distress and behavioral struggles.

---

[2] It is unclear from the record whether the juvenile court asserted jurisdiction on the basis of allegation E. In an event, as we explain below, the juvenile court asserted jurisdiction on that basis after DHS realleged that there was no legal father in the amended petition that is at issue.

"G. The mother has failed to protect [H] from inappropriate physical discipline, including the use of a[n] airsoft gun, by [stepfather].[3]

"H. [H] has been present during domestic violence between the mother and [stepfather], which places [H] in threat of harm.

"I. The mother has an anger control problem that interferes with her ability to safely parent [H].

"J. The mother has failed to obtain appropriate medical treatment for [H]'s sibling.

"K. The mother was aware that * * * [stepfather] was sexually abusing [H] at the time of the removal of the children from the family home. The mother failed to protect [H] or intervene on [H]'s behalf.

"L. [H was] sexually abused by * * * [stepfather]. The mother is aware of the abuse and remains in a relationship with [stepfather].

"M. There is no legal father."

In the jurisdictional judgment on the original petition, the trial court continued H's prior placement in foster care, and H was living with foster parents at the time of the hearings on the amended petition. Both mother and stepfather were incarcerated. Mother was scheduled for release in December 2015; the record does not reveal when stepfather will be released. Following several contested hearings, the juvenile court asserted jurisdiction over H as to each allegation in the amended petition. The court did not make any specific findings, but instead stated that, as to all of the additional allegations, "I believe the loss has been realized. The threat is ongoing. [Mother has] such a history of extreme dysfunction that, you know, the—the threat is real, to me. It's there. It's ongoing. * * * There's absolutely an ongoing threat from where I'm coming from."

As relevant here, juvenile dependency jurisdiction is appropriate when a child's "condition or circumstances are such as to endanger the welfare" of the child. ORS 419B.100(1)(c). To determine if the child is endangered, we

---

[3] Allegation G originally alleged the use of a "BB gun"; the juvenile court changed it to allege "airsoft gun" at the close of evidence.

look to whether those conditions or circumstances "present a current threat of serious loss or injury." *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61, 308 P3d 307 (2013). "The key inquiry is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child." *Dept. of Human Services v. G. J. R.*, 254 Or App 436, 443, 295 P3d 672 (2013). When a parent challenges a juvenile court's decision to assert jurisdiction based on additional allegations asserted in an amended petition, we examine whether sufficient evidence exists, "from which a reasonable factfinder could conclude by a preponderance of the evidence, either that a current risk of harm to [the child] exists from the additional allegation standing alone, or that the additional allegation contributes to or enhances the risk associated with the already established bases of jurisdiction." *Id.* at 444. We consider each additional allegation "in connection with any other allegations because sometimes two allegations together present a more compelling case than either one alone." *Id.* at 443 (internal quotation marks omitted). "[W]hen determining whether the court has jurisdiction because of conditions and circumstances, the focus must be on the child's current conditions and circumstances and not on some point in the past." *Dept. of Human Services v. L. G.*, 251 Or App 1, 4, 281 P3d 681, *adh'd to as modified on recons*, 252 Or App 626, 290 P3d 19 (2012).

With an exception discussed below, mother does not dispute that DHS introduced sufficient evidence to prove the underlying facts alleged in the amended petition. It is enough for our purposes here to briefly recite, in the light most favorable to the juvenile court's ruling, some of the circumstances that H was exposed to. Mother used methamphetamine; H was the primary caregiver for her younger siblings, which entailed supervising them, preparing them food, cleaning the house, and attending to them when mother and stepfather fought; O is one of H's younger siblings that H cared for; O injured herself falling and mother failed to get appropriate medical treatment for the injury; mother once threw H up against a car, had pushed H, and had pulled her hair; H had witnessed frequent episodes of domestic violence between mother and stepfather and had once physically intervene dto protect mother from stepfather; mother

and stepfather verbally abused the children by calling them vulgar and derogatory names; stepfather raped H in their home; and, after mother discovered that stepfather had raped H, mother did not remove stepfather from the home.

We affirm the juvenile court's assertion of jurisdiction on allegations E, F, H, I, J, K, and L. There was sufficient evidence to establish the facts alleged. When those allegations are considered in view of each other and the previously established jurisdictional bases, *G. J. R.*, 254 Or App at 444, the juvenile court did not err in concluding that H's "condition or circumstances are such as to endanger the welfare of [H]." ORS 419B.100(1)(c); *State ex rel Juv. Dept. v. N. W.*, 232 Or App 101, 111, 221 P3d 174 (2009), *rev den*, 348 Or 291 (2010) (juvenile court jurisdiction is appropriate where reading the individual allegations in view of one another "synergistically creates a whole that is more dangerous than the sum of its parts").

One aspect of mother's arguments concerning those assignments of error merits discussion. Mother argues that the evidence was insufficient to show a *current* risk of serious loss or injury to H as of the time of the hearings on the amended petition. Mother points out that she was incarcerated at the time of those hearings and will not be released until 2015 (when H will be almost 18 years old), that the juvenile court had already asserted jurisdiction over H, and that H was in foster care pursuant to that jurisdiction. Mother asserts that most of the allegations in the amended petition concern historical circumstances that no longer exist, *e.g.*, H living in the same house with an unincarcerated mother and stepfather and an absence of court and DHS intervention in their lives. Mother thus argues that, because the circumstances show that it is unlikely that she will ever parent H again, the evidence is insufficient to show that H is *currently* at risk of serious harm or loss with respect to the allegations in the amended petition.

We reject mother's attempt to wield the fact that H had been placed in foster care as a reason to find that the additional allegations in the amended jurisdictional petition do not present a current threat of harm. The fact that H was in foster care was possible because the juvenile court had

jurisdiction over H; the juvenile court, in turn, only had that authority because it had determined that H's welfare was endangered by mother's parenting. Mother's argument in this regard is thus a cynical one, for the court's order removing H from the serious risk of harm posed by mother was predicated on its determination that mother's parenting had created a serious risk of harm for H. It having been determined that mother endangered H's welfare, mother cannot here be permitted to rely on that fact in an effort to prevent DHS from establishing that H's welfare was endangered for additional reasons.

In that regard, we also note that the type and extent of the efforts that mother and DHS must make if mother hopes to one day reunify with H will be determined by reference to the established bases for jurisdiction. ORS 419B.476(2); *see Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012) ("The particular issues of parental unfitness established in the jurisdictional judgment provide the framework for the court's analysis of each question—that is, both DHS's efforts and a parent's progress are evaluated by reference to the facts that formed the bases for juvenile court jurisdiction."). The allegations by DHS in the amended petition represent an attempt to more precisely identify the risk that mother's parenting presents to H and, consequently, the efforts that those involved must make in order to bring about a reunification between mother and H. It is important to encourage as complete an understanding of the scope of the harm that mother's parenting presents to H as possible. For that reason, the fact that H is currently receiving protection *because of* the juvenile court's jurisdiction cannot be used by mother to argue that the asserted additional jurisdictional bases do not present a current risk of harm to H. It is with that understanding, and in view of the fact that mother will be released from prison in the coming months, that we conclude that the juvenile court did not err in asserting jurisdiction over H as to allegations E, F, H, I, J, K, or L.

With respect to allegation G, that mother "has failed to protect [H] from inappropriate physical discipline, including the use of a[n] airsoft gun, by [stepfather]," mother

argues that the evidence was legally insufficient to establish that mother had, in fact, failed to protect H from stepfather's "inappropriate physical discipline." We agree with mother. Although there was evidence that stepfather physically disciplined certain of her siblings, including with the use of an airsoft gun, there was no evidence that stepfather had physically disciplined H.[4] Consequently, there is no evidence that mother failed to protect H from stepfather's physical discipline. The juvenile court therefore erred in asserting jurisdiction over H as to mother on that basis.

That leaves allegation M, that there is no legal father. Mother assigns error to the juvenile court's assertion of jurisdiction on that basis, but does not provide us with any arguments about *why* the juvenile court erred in that respect. We therefore decline to address that assignment of error. *See Harnisch v. College of Legal Arts, Inc.*, 243 Or App 16, 25, 259 P3d 67 (2011) ("[W]e do not make or develop a party's argument when that party has not endeavored to do so itself.").

Reversed and remanded with instructions to enter a jurisdictional judgment omitting allegation G as a basis for jurisdiction; otherwise affirmed.

---

[4] When asked whether stepfather had physically disciplined her, H responded: "No."