JAMES, J.
*166 *416 In this juvenile dependency case, father appeals a judgment of the juvenile court asserting jurisdiction over father's child. ORS 419B.100(1)(c). Father challenges the authority of the juvenile court to assert jurisdiction over child when, in father's view, either the allegations contained in the Department of Human Service's (DHS) jurisdiction petition are an insufficient basis to assert jurisdiction or the evidence is insufficient to prove the allegations. Specifically, father contends that allegation D-that father is the biological father of child-is an insufficient basis to assert jurisdiction, while the evidence is insufficient to prove the particular allegations of parental deficits alleged in allegation F-that father has an anger and impulse control problem that interferes with his ability to safely parent, allegation G-that father has engaged in domestic violence relationships and has not successfully completed services to ameliorate these concerns, and allegation H-that father does not understand the basic needs of his child.
In its petition, DHS alleged facts that presented a current risk of harm to child relating to both father and mother.[1] With respect to father, DHS alleged that father was child's biological father and his anger, impulse control, and domestic violence issues, as well as his failure to understand the basic needs of child and his lack of parenting skills, when viewed collectively, presented a current risk of harm to child sufficient for the juvenile court to assert jurisdiction. After reviewing the record, we are satisfied that allegations D, F, G, and H, found by the juvenile court to be proven by a preponderance of the evidence, were sufficient to assert jurisdiction over father's child. Accordingly, we affirm.
Father does not request de novo review. ORS 19.415(3)(b) (judicial discretion to review de novo ); ORAP 5.40(8)(c) (de novo review exercised "only in exceptional cases"). Accordingly, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally *167 sufficient to permit that outcome." Dept. of Human Services v. N. P. , 257 Or.App. 633, 639, 307 P.3d 444 (2013). "We assume the correctness of the juvenile court's explicit findings of historical fact if these findings are supported by any evidence in the record." Dept. of Human Services v. K. C. , 282 Or.App. 448, 449, 387 P.3d 476 (2016) (quoting N. P. , 257 Or.App. at 639, 307 P.3d 444 ) (internal quotations omitted). The following is presented consistent with that standard.
DHS petitioned the juvenile court to assert jurisdiction over father's child. In order "to establish jurisdiction over a child, DHS must present evidence that permits a determination that, absent juvenile court jurisdiction, the child's current circumstances pose the requisite nonspeculative risk to the child." K. C. , 282 Or.App. at 456, 387 P.3d 476. Pertinently, DHS must establish that "the parents' deficits pose a current risk of harm to the child under the child's actual circumstances." Id .
When we review the allegations in the petition we view them together and in connection to one another. Dept. of Human Services v. G. J. R. , 254 Or.App. 436, 443, 295 P.3d 672 (2013) ("We do not view each allegation in a dependency petition in isolation, but must consider each allegation in connection with any other allegations."). For example, in State ex rel. Juv. Dept. v. N. W. , 232 Or.App. 101, 109, 221 P.3d 174 (2009), we explained, when "the allegations regarding mother's substance abuse are complemented by allegations that she allowed untreated sex offenders to be with T * * * [the] allegations together present a more compelling case than either one alone; the danger that is inherent in contact with untreated sex offenders is heightened by the use of controlled substances. Thus, the controlled substance allegations *417 are 'a proper consideration.' " Thus, our review "must evaluate whether the allegations in the petition are collectively sufficient, if proven, to establish jurisdiction." Dept. of Human Services v. M. E. , 255 Or.App. 296, 313, 297 P.3d 17 (2013) (citing State v. R. H. , 237 Or.App. 245, 251, 239 P.3d 505, rev. den. , 349 Or. 480, 246 P.3d 745 (2010) ) (emphasis in original).
Accordingly, we do not review allegation D-that father is the biological father of child-in isolation. Viewed *168 together with allegations F, G, and H, the fact that father is the biological father is a "proper consideration" for the juvenile court in light of the other allegations. Put another way, to the extent that father argues that allegation D is not legally sufficient because it does not allege a "parenting deficit" or current risk of harm, we conclude that the juvenile court judgment could not reasonably be read as finding that allegation D was an independent basis for jurisdiction. Moreover, allegations F, G, and H, after our review of the record, are sufficiently supported by evidence in the record.
Affirmed.

The juvenile court judgment asserting jurisdiction also related to mother. Mother does not appeal.