PER CURIAM
*782 *275 In this consolidated juvenile dependency appeal, mother and father appeal jurisdictional judgments in which the juvenile court found each of their three children to be within its dependency jurisdiction under ORS 419B.100(1). The juvenile court found that the Department of Human Services (DHS) proved the following allegations with respect to each child:
"The mother has subjected the child to verbal and emotional abuse resulting in impairment of the child's emotional well-being and functioning;
"The mother's substance abuse impairs her judgment and ability to safely parent the child;
"The father is aware of the mother's verbal and emotional abuse and has failed to protect child from it; and
"The father's substance abuse impairs his judgment and ability to safely parent the child."
The juvenile court also asserted jurisdiction over one of the children on the ground that "[t]he father is aware that the mother is subjecting the child's siblings to verbal and emotional abuse and has failed to protect said child's siblings from the abuse, which is a threat of harm to this child." Mother and father appeal, each assigning error to the bases for jurisdiction pertaining to that parent and to the juvenile court's ultimate assertion of jurisdiction over the children. Additionally, mother appeals the juvenile court's reasonable efforts determination, arguing that DHS "did not provide reasonable efforts prior to or after removal" as required by ORS 419B.340.
A detailed discussion of the circumstances of this case would not benefit the bench, the bar, or the public. Having reviewed the record in view of the parties' arguments, we conclude that the juvenile court did not err in the manners alleged, except for determining that father's marijuana use supplied a basis for dependency jurisdiction as to father. We reverse as to that jurisdictional basis because we conclude that the record contains insufficient evidence from which a reasonable fact finder could conclude, by a preponderance of the evidence, that father's marijuana use subjects *276 his children to a current risk of harm. Dept. of Human Services v. G. J. R. , 254 Or. App. 436, 438, 295 P.3d 672 (2013). Additionally, the record does not contain evidence sufficient to support a finding that father's marijuana use, combined with the established jurisdictional bases, exacerbates the risk posed by those established bases. State ex. rel. Juv. Dept. v. N. W. , 232 Or. App. 101, 111, 221 P.3d 174 (2009), rev. den. , 348 Or. 291, 231 P.3d 795 (2010).
Accordingly, we reverse and remand the jurisdictional judgment for entry of a judgment omitting the allegation that "[t]he father's substance abuse impairs his judgment and ability to safely parent the child" as a basis for jurisdiction.
In A167879, A167880, and A167881, reversed and remanded for entry of judgment establishing dependency jurisdiction based on allegations other than the allegation that "[t]he father's substance abuse impairs his *783 judgment and ability to safely parent the child"; otherwise affirmed.