134 February 22, 2024 No. 121

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. D. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. E. C.,
*Appellant.*

Marion County Circuit Court
23JU00626; A181624

Natasha A. Zimmerman, Judge.

Submitted January 30, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals the juvenile court's judgment exercising jurisdiction over his child, K. Father contends that the juvenile court erred in exercising jurisdiction over K; in father's view, the evidence is insufficient to permit the exercise of dependency jurisdiction on the bases identified by the juvenile court. No party has asked us to exercise our discretion to conduct *de novo* review, and we see no reason to do so. ORS 19.415(3)(b) (judicial discretion to review *de novo*); ORAP 5.40(8)(c) (*de novo* review exercised "only in exceptional cases"). Accordingly, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. J. E. F.*, 290 Or App 164, 166-67, 421 P3d 415, *rev den*, 362 Or 794 (2018) (internal quotation marks and citations omitted). Reviewing under those standards, we affirm.

A juvenile court has exclusive jurisdiction in any case involving a person under 18 years of age and whose condition or circumstances are such as to endanger the welfare of the person or of others. ORS 419B.100(1)(b), (c). The key inquiry is whether the evidentiary record before the court allows for the determination that "absent juvenile court jurisdiction, the child's current circumstances pose the requisite nonspeculative risk to the child." *J. E. F.*, 290 Or App at 167 (internal quotation marks and citations omitted); ORS 419B.100(1)(c).

Having reviewed the record in this case, we conclude that the evidence available to the juvenile court is sufficient to permit the court's exercise of jurisdiction over K on each of the identified bases. Specifically, the evidence shows that, absent intervention, the circumstances pose a nonspeculative risk of harm to K's wellbeing. Accordingly, we affirm the judgment of the juvenile court exercising jurisdiction over K.

Affirmed.