456 May 1, 2024 No. 294

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. T. G.,
aka A. A. G., aka A. G., a Child.

DEPARMTENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

B. M. T.,
aka M. T.,
*Appellant.*

Clackamas County Circuit Court
23JU02447; A182221

Susie L. Norby, Judge.

Argued and submitted March 4, 2024.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Services.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded with instructions to enter a jurisdictional judgment omitting allegation I as a basis for jurisdiction; otherwise affirmed.

**HELLMAN, J.**

Mother appeals the juvenile court's judgment taking jurisdiction over her child, A. On appeal, she raises six assignments of error. The first five argue that the record contained insufficient evidence to allow the juvenile court to find A within its jurisdiction on five specific bases, and the sixth generally argues that the juvenile court erred in taking jurisdiction over A.

No party has asked us to exercise our discretion to conduct *de novo* review, and we see no reason to do so. ORS 19.415(3)(b) (judicial discretion to review *de novo*); ORAP 5.40(8)(c) (*de novo* review exercised "only in exceptional cases"). Accordingly, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. J. E. F.*, 290 Or App 164, 166-67, 421 P3d 415, *rev den*, 362 Or 794 (2018) (internal quotation marks omitted). Reviewing under those standards, we affirm.

A juvenile court "has exclusive original jurisdiction in any case involving a person who is under 18 years of age" and "[w]hose condition or circumstances are such as to endanger the welfare of the person or of others." ORS 419B.100(1)(c). The key inquiry is whether the evidentiary record before the court "permits a determination that, absent juvenile court jurisdiction, the child's current circumstances pose the requisite nonspeculative risk to the child." *J. E. F.*, 290 Or App at 167 (internal quotation marks omitted); ORS 419B.100(1)(c).

For purposes of this nonprecedential memorandum opinion, a recitation of the facts would not benefit the parties, bar, or bench. Having reviewed the record in this case, we conclude that the evidence was insufficient to permit the juvenile court to find A within its jurisdiction on the basis that "mother's mental health problems interfere with her ability to safely parent the child" (allegation I). As to the remaining jurisdictional bases, however, the evidence shows that, absent intervention, the circumstances posed a

nonspeculative risk of harm to A's well-being. Accordingly, we conclude that the juvenile court did not err in taking jurisdiction over A on those bases and affirm the judgment.

Reversed and remanded with instructions to enter a jurisdictional judgment omitting allegation I as a basis for jurisdiction; otherwise affirmed.