800 October 30, 2024 No. 788

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. M. J. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. B.,
*Appellant.*

Jackson County Circuit Court
21JU02554; A183699 (Control)

In the Matter of P. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. B.,
*Appellant.*

Jackson County Circuit Court
21JU02555; A183700

In the Matter of X. R. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. B.,

*Appellant.*

Jackson County Circuit Court
21JU02556; A183701

David G. Hoppe, Judge.

Argued and submitted August 21, 2024.

Holly Telerant, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Chief Judge, Mooney, Judge, and DeVore, Senior Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

In these consolidated juvenile dependency cases, mother appeals from the judgments asserting jurisdiction over her three children, E, X, and P, on additional grounds.[1] Mother raises ten assignments of error. In nine assignments, she argues that the evidence was legally insufficient to support three additional jurisdictional allegations that her chaotic lifestyle, aggressive conduct, and impulsive behavior interfere with her ability to safely parent. In a tenth assignment, mother similarly argues that the evidence was insufficient to support the additional jurisdictional allegation that she is unable and unwilling to meet E's basic needs. More specifically, she argues that the Department of Human Services (DHS) failed to prove that those new allegations posed a "current and nonspeculative risk of serious loss or injury to the children." We affirm.

In reviewing a jurisdictional judgment, "[w]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018). We state the relevant facts consistently with that standard, providing only those facts necessary to explain our decision.

DHS removed the children from mother's care in May 2021, after mother gave birth to P and he tested positive for methamphetamine. E and X later also tested positive for methamphetamine. In July 2021, the juvenile court asserted jurisdiction over each child based on mother's admission that her substance abuse interferes with her ability to safely parent. Among other things, the juvenile court ordered mother to complete a drug and alcohol assessment. In December 2023, DHS filed amended dependency petitions, alleging the following: (1) "mother's chaotic lifestyle interferes with her ability to safely parent the child[ren]," (2) "mother has engaged in a pattern of physically and/ or verbally aggressive behaviors with father that creates an unsuitable and/or unstable living environment for the

_____

[1] Father is not a party to this appeal.

child[ren]," (3) "mother's impulsive behaviors and/or mental health problems interfere with her ability to safely parent the child[ren]," and (4) "mother has failed to, is unable to, is unwilling to, and/or cannot meet the basic needs of [E]." Following a contested jurisdictional trial, the juvenile court found that DHS had proved the allegations and asserted jurisdiction on each additional ground.

We have reviewed the record and conclude that the evidence is legally sufficient to support the additional jurisdictional bases. In particular, at the time of trial on the new jurisdictional allegations, mother had yet to successfully complete a drug and alcohol assessment because she repeatedly refused to submit urinalysis samples. The record also contains evidence that mother engaged in harassing and intimidating behavior toward the children's resource families that was disruptive to the children's placements. On multiple occasions, mother engaged in aggressive verbal confrontations with father during visitation with the children. As to E specifically, he is six years old, and he has been diagnosed with attention-deficit hyperactivity disorder. Although E's resource parent testified that E has made significant progress since he began taking medication, mother testified that she disbelieves E's diagnosis, and further, she has stated that she will not continue giving him medication if he is returned to her care. Mother went as far as to post E's mental health evaluation on social media, explaining that she did so "[w]ith his permission," and accused caseworkers of falsifying his health records in order to medicate him. In sum, the record contains evidence that permits a finding that mother's conduct causes dysregulation in the children and undermines their stability and safety. Under the totality of the circumstances, the juvenile court's conclusion that there was a reasonable likelihood of harm to the children's welfare based on the allegations made in the amended petitions was legally permissible. *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61-62, 308 P3d 307 (2013) ("The key inquiry in determining whether condition[s] or circumstances warrant jurisdiction is whether, under the totality of circumstances, there is a reasonable likelihood of harm to the welfare of the child, and DHS has the burden to demonstrate a nexus between the allegedly risk-causing conduct

and the harm to the child[.]" (Citations omitted; brackets in original.)); *Dept. of Human Services v. G. J. R.*, 254 Or App 436, 443-44, 295 P3d 672 (2013) ("[T]he juvenile court has jurisdiction \* \* \* on the additional allegation if there is sufficient evidence, from which a reasonable factfinder could conclude by a preponderance of the evidence, either that a current risk of harm to [the children] exists from the additional allegation standing alone, or that the additional allegation contributes to or enhances the risk associated with the already established bases of jurisdiction.").

Affirmed.