586 September 24, 2025 No. 833

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. M.-E., fka A. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

A. M.-E.,
fka A. E.,
*Respondent,*

*v.*

D. E. E.,
*Appellant.*

Crook County Circuit Court
23JU04347; A186328 (Control), A186547, A186932

Daina A. Vitolins, Judge.

Argued and submitted August 28, 2025.

Sean Connor, Deputy Public Defender, argued the cause for appellant D. E. E. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Office of Public Defense Commission.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for appellant Department of Human Services.

George Kelly argued the cause and filed the brief for respondent.

Before Lagesen, Presiding Judge, Jacquot, Judge, and O'Connor, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Father appeals the juvenile court's judgment taking dependency jurisdiction over his child, A. In father's view, the evidence is insufficient to permit the exercise of dependency jurisdiction on the bases identified by the juvenile court. No party has asked us to exercise our discretion to conduct *de novo* review, and we see no reason to do so. ORS 19.415(3)(b) (judicial discretion to review *de novo*); ORAP 5.40(8)(c) (*de novo* review exercised "only in exceptional cases"). Accordingly, "we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the [juvenile] court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. J. E. F.*, 290 Or App 164, 166-67, 421 P3d 415, *rev den*, 362 Or 794 (2018) (internal quotation marks and citations omitted). We defer to the juvenile court's express findings and credibility determinations if "any evidence" supports them. *Dept. of Human Services v. A. J. G.*, 304 Or App 221, 228 n 4, 465 P3d 293, *rev den*, 366 Or 826 (2020). If "findings are not made on disputed issues of fact and there is evidence from which those facts could be decided more than one way, we will presume that they were decided in a manner consistent with the juvenile court's ultimate conclusion." *State v. S. T. S.*, 236 Or App 646, 655, 238 P3d 53 (2010). Reviewing under those standards, we affirm.

A juvenile court has exclusive jurisdiction in any case involving a person under 18 years of age and whose condition or circumstances are such as to endanger the welfare of the person or of others. ORS 419B.100(1)(b), (c). The key inquiry is whether the evidentiary record before the court allows for the determination that "absent juvenile court jurisdiction, the child's current circumstances pose the requisite nonspeculative risk to the child." *J. E. F.*, 290 Or App at 167 (internal quotation marks and citations omitted). The petitioner must show that the parent's conduct or condition endangers the child—there must be "a nexus between the allegedly risk-causing conduct and the harm to the child." *Dept. of Human Services v. C. J. T.*, 258 Or App 57, 62, 308 P3d 307 (2013). The petitioner must prove that the risk

actually exists at the time of the jurisdiction proceedings; it is not sufficient that the child was endangered at some point in the past if it is not reasonably inferable that the requisite risk persists. *Id.*

In this case, the juvenile court determined that two allegations had been proved such that A was within the court's jurisdiction: (1) "The child's mental health issues are such that a return to her parents will result in suicidal ideations, attempted suicide and/or suicide. The child is in need of mental health, trauma-based services to establish a meaningful relationship with her parents" under ORS 419B.100(1)(b) and (2) "The child has mental health issues and the child's father is unable, unwilling, or cannot follow recommendations from mental health professionals regarding the child's treatment" under ORS 419B.100(1)(c). Having reviewed the evidentiary record, we conclude that the evidence is sufficient to permit the court's exercise of jurisdiction over A on each of the identified bases.

Arguing for a different conclusion, father asserts that because A was not experiencing suicidal ideation at the time of the trial, she was not currently at risk of harm. Father is correct that, at the time of trial, there was no evidence that A was experiencing suicidal ideations. That fact, however, does not mean that the juvenile court's finding that A was at risk is unsupported. The testimony of A and her extended family members would support findings that A previously attempted to take her own life, that father hit A with a belt in response to a previous suicide attempt, that parents failed to get A appropriate treatment after the previous attempt, that A will harm herself if returned to parents' care or control, and that father still believed that A deserved to be beaten for her conduct. The evidence would also permit the additional finding that, absent the juvenile court's intervention, A's parents would require A to return to their care and control.[1] That evidence allows for the rational inference that A was at risk of harm from herself that was reasonably likely to be realized as of the time of the hearing.

---

[1] Although father testified otherwise that he would not insist that A return to parents' home from her grandparents' home, the juvenile court was not required to credit that testimony.

In the alternative, again emphasizing that A was not currently experiencing suicidal ideation, father characterizes this case as being simply about A's desire to live elsewhere, away from parents. Relying on that characterization, father argues that a juvenile's desire to live elsewhere does not override "a parent's constitutionally protected family sphere." *See Dept. of Human Services v. T. L.*, 287 Or App 753, 763, 403 P3d 488 (2017). However, the juvenile court did not base its determination on what A "wanted"; it based its determination on the facts before it—that father's conduct results in a nonspeculative risk that A will harm herself if returned to parents' custody. Although there is evidence in the record that would support father's characterization of the facts, primarily in the form of father's testimony, the juvenile court was not required to credit father's version of the facts and, in fact, necessarily discredited it. And when the evidence is viewed in the light most favorable to the trial court's findings, it supports them. Accordingly, we affirm the judgment of the juvenile court exercising jurisdiction over A.

Affirmed.